**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| JAMES W. BARBER, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| CAROLYN W. COLVIN, Acting | * | No. 4:13CV00238-JJV |
| Commissioner, Social Security | * | |
| Administration, | * | |
| | * | |
| Defendant. | * | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, James Barber, appeals the final decision of the Commissioner of the Social Security Administration denying his claims for disability insurance benefits under Title II of the Social Security Act and for supplemental security income benefits under Title XVI of the Act. For reasons set out below, the decision of the Commissioner is AFFIRMED.

**I.  BACKGROUND**

On October 25, 2010, Plaintiff protectively filed for benefits due to seizure disorder. (Tr. 101) The Administrative Law Judge ("ALJ") held a hearing on January 24, 2012, where Plaintiff appeared with his lawyer. At the hearing, the ALJ heard testimony from Plaintiff and a vocational expert ("VE"). (Tr. 26-81)

ALJ issued a decision on June 13, 2013, finding that Plaintiff was not disabled under the Act. (Tr. 13-20) The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (Tr. 1-5)

Plaintiff, who was fifty-two years old at the time of the hearing, completed the tenth grade in school and has past relevant work experience as a construction worker and heavy equipment operator. (Tr. 19, 31-36)

## II.    DECISION OF THE ADMINISTRATIVE LAW JUDGE[1]

The ALJ found that Plaintiff had not engaged in substantial gainful activity since November 4, 2009, and had the following severe impairments: seizure disorder, chronic obstructive pulmonary disease and chest wall deformity. (Tr. 15) However, the ALJ found that Plaintiff did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 16)

According to the ALJ, Plaintiff has the residual functional capacity ("RFC") to perform light, unskilled work, except he must avoid even moderate exposure to temperature extremes, humidity, and fumes/odors/dusts/gases/poor ventilation and must avoid even moderate exposure to hazards, including no driving as part of work. (Tr. 16) The VE testified that the jobs were available, such as cashier, that Plaintiff could perform despite these limitations. (Tr. 19-20) Accordingly, the ALJ determined that Plaintiff could perform a significant number of jobs existing in the national economy, and found that he was not disabled. (Tr. 20)

## III.   ANALYSIS

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2]20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

In reviewing the Commissioner's decision, this Court must determine whether there is substantial evidence in the record as a whole to support the decision.[3]  Substantial evidence is "less than a preponderance, but sufficient for reasonable minds to find it adequate to support the decision."[4]

In reviewing the record as a whole, the Court must consider both evidence that detracts from the Commissioner's decision and evidence that supports the decision; but, the decision cannot be reversed "simply because some evidence may support the opposite conclusion."[5]

Plaintiff asserts that the Commissioner's decision should be reversed because the ALJ failed to develop the record by not ordering additional medical evaluations, failed to properly evaluate his mental impairments, failed to find he met Listing 3.02, and overestimated his residual functional capacity.  (Doc. No. 14)  The Court has carefully considered Plaintiff's arguments and finds them to be without merit.

Plaintiff offers very little to support his allegation of complete disability.  While he clearly suffers from some degree of limitation, mainly from his seizure disorder and COPD, his medical records reveal he is still capable of performing light work related activities.

The several diagnostic tests performed support an allegation of limitation, but not to the degree alleged.  (Tr. 318, 328, 508-514, 542)  The General Physical Examination performed by John Dobbs, M.D., showed "no limitation detected."  (Tr. 379-83)  And the two Physical Residual Functional Capacity Assessments performed by Judith Forte, M.D., and Stephen A. Whaley, M.D., wholly support a conclusion that Plaintiff is capable of performing light work.  (Tr. 387-94, 417-24)

---

[3]*Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011); 42 U.S.C. § 405(g).

[4]*Id*. (citing *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)).

[5]*Id*. (citing *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006)).

3

With regard to Plaintiff's argument that the ALJ erred by not sending a Medical Source Statement to his treating physician, the Court agrees with the Commissioner's argument on this point. (Doc. No. 15 at 4)  Additionally, Plaintiff is reminded it was his burden to prove disability.

Plaintiff has also offered very little support for his argument regarding the ALJ's failure to include mental limitations in his residual functional capacity.  Plaintiff's testimony fails to support any limitation based on any mental impairment. (Tr. 37-46) And the evidence wholly fails to support an allegation that he meets Listing 3.02.

While there may be evidence that Mr. Barber has limitations related to his impairments, the ALJ's finding that he could perform a reduced range of light work is supported by the record.[6]  It is not the task of this Court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.[7]  The record contains ample support as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.[8]

## IV. CONCLUSION

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.  There is sufficient evidence in the record as a whole to support the Commissioner's decision.

---

[6]*Davis v. Apfel*, 239 F.3d 962 (8th Cir. 2001) ("We may not reverse merely because substantial evidence also exists that would support a contrary outcome, or because we would have decided the case differently.").

[7]*E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

[8]*Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

THEREFORE, the Court hereby affirms the final determination of the Commissioner and dismisses Plaintiff's Complaint with prejudice.

IT IS SO ORDERED this 30th day of January, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE